### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN BROWN, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT HERTZ and JOSEPH GULASH, )<br>)<br>      Defendants. )<br>) | CIVIL NO. 03-566-DRH |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See*

also *House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

*Pretrial Detainees Generally*

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991). At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). Lapses from minimum standards of sanitation may be excusable where such conditions are temporary and affect only a few individuals. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988).

Plaintiff makes a number of allegations in his complaint regarding the conditions of and his treatment at the Madison County Jail between April and August, 2003.

*Grievance Procedure*

Plaintiff first states that defendants refused to address his grievances in writing, and instead told him in person that his grievances had "no merit." Plaintiff further states that the jail has no grievance procedure by which inmates may have their complaints addressed.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by

the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff is not entitled to any particular procedures in the handling of his grievances, and no constitutional violation occurred when an oral opinion was rendered. Therefore, Plaintiff's claim regarding the handling of his grievances is **DISMISSED** from this action with prejudice.

*Confinement to Cell*

Plaintiff states that he was confined to his cell and denied privileges for 48 hours on July 4-5, 2003, and for 24 hours on August 3, 2003, and was not told why he was confined nor given a disciplinary report. He claims that this treatment violated his due process rights.

Although confinement of pretrial detainees is not necessarily punitive, *see Bell*, 441 U.S. at 535,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff alleges that he was accorded no due process at all before being confined to his cell; therefore, the Court is unable to dismiss this due process claim at this point in the litigation. *See* 28

U.S.C. § 1915A.

*Denial of Haircuts*

Plaintiff states that the Madison County Jail does not allow inmate haircuts. Plaintiff states that a local barber periodically comes to the jail to provide haircuts, charging $3-5 per haircut, but Plaintiff was not allowed a haircut during his stay at the jail.

The Court is unaware of any constitutional provision requiring that an inmate be provided with a free haircut, or with any haircut at all. Therefore, Plaintiff's claims regarding haircuts are **DISMISSED** from the action with prejudice.

*Unsanitary Conditions*

Plaintiff states that the "living areas" of the Madison County Jail are unsanitary in that the walls are covered with cobwebs, mold, toilet paper, feces, and urine. Plaintiff states that he requested sanitation supplies daily to clean the areas. Plaintiff also states that the shower is caked with "scum" on the walls, rust, and flaking paint, and that garbage is built up on the bars. He also states that the jail is infested with ants, flies, gnats, spiders, and waterbugs. Plaintiff filed grievances regarding the conditions.

Pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights enjoyed by convicted prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The Eighth Amendment requires prison officials to maintain minimal sanitary and safe prison conditions. *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (confining prisoner to cell where feces smeared on walls and without running water and ignoring prisoner's requests for cleaning supplies stated claim under Eighth Amendment).

Based on these standards, the Court is unable to dismiss this claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Inadequate Meals*

Plaintiff states that the meals served to him in the Madison County Jail--which include 2 sugar-coated donuts and one half-pint milk for breakfast and a handful of potato chips, three cookies, two slices of bread, one slice of meat, and one half-pint of orange drink for dinner–violated the County Jail Act. Plaintiff further states that as a result of being denied a "proper diet" while housed in the Jail, he lost 12 pounds, experienced dizziness, fatigue, sore ankles, knees, back, and neck, and his hypertension worsened.

To the extent that Plaintiff relies on the Illinois statute, he does not state a claim because Section 1983 imposes liability only for violations of rights which are protected by the Constitution and laws of the United States. *See West v. Atkins*, 487 U.S. 42, 49 (1988). To the extent that Plaintiff is claiming the inadequate food served in the jail caused him physical problems, he also does not state a claim without showing that jail officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has not made such allegations. Accordingly, this claim is **DISMISSED** from this action with prejudice.

*Medications*

Plaintiff states that he takes medications for hypertension. On "several occasions" Jail officials gave him the wrong medications, causing him nausea, dizziness, and headaches.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician

> as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."
> *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). With respect to the subjective element, Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Plaintiff's allegation, at most, constitutes negligence on the part of jail officials and therefore does not state a constitutional claim. As such, the claim is **DISMISSED** from the action with prejudice.

*Recreation*

Plaintiff claims that the Madison County Jail has no recreation policy and that during his time at the Jail, Defendants denied him any recreation time. As a result, Plaintiff's physical condition deteriorated to the point that he experienced neck and back pain. The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). However, "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236.

Although space may have been limited, Plaintiff could have improvised by jogging in place or by doing aerobics in his cell, thus alleviating some of his physical deterioration. *See e.g., Harris*, 839 F.2d at 1236. Consequently, Plaintiff's claim regarding denial of recreation time is

**DISMISSED** from this action with prejudice.

<u>*Sleeping on Floor*</u>

Plaintiff states that as a result of overcrowding in the jail, he was forced to sleep on the concrete floor for 14 days, from April 15-29, 2003. Based on the standards articulated in *Bell v. Wolfish*, 441 U.S. 520 (1979), regarding punishment of pretrial detainees, the Court is unable to dismiss this claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's claims of confinement to his cell without due process, unsanitary conditions, and being forced to sleep on the floor because of overcrowding are allowed to go forward. Plaintiff's claims of lack of a grievance procedure, denial of haircuts, inadequate meals, incorrect medicines, and denial of recreation are **DISMISSED**. *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Robert Hertz and Joseph Gulash**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Robert Hertz** and **Joseph Gulash** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used

only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: June 22, 2005**

/s/   David RHerndon
**DISTRICT JUDGE**